[No. 3092. Decided February 9, 1899.]

EZRA D. RINEAR et al., Appellants, v. H. D. SKINNER et al., Respondents.

CHALLENGE TO EVIDENCE—EFFECT—REPLEVIN BOND—FAILURE OF SURETIES TO JUSTIFY.

A challenge to the legal sufficiency of the evdence will not effect a removal of a cause from the consideration of the jury, where, in the opinion of the court, there are disputed questions of fact for the jury to pass upon.

Where, in an action to recover the possession of personal property, brought in a justice's court, the property has been delivered to plaintiff upon his giving bond therefor, and exception has been taken to the sufficiency of the sureties, under Bal. Code, § 6592, the failure of the sureties to justify upon notice exonerates them from any further liability on the bond.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

W. A. Lewis, for appellants.
Adolph Munter, for respondents.

The opinion of the court was delivered by

GORDON, C. J.—In October, 1896, respondent Mary Dudley commenced an action of replevin against appellants Rinear and Lewis, in the justice court of Spokane county. At the time of commencing the action plaintiff claimed the immediate delivery of the property, and, upon giving the affidavit provided by statute, obtained from the

justice an order directing the officer to take the property from the defendants and deliver the same to plaintiff, upon receiving a proper bond. Thereupon the plaintiff in that action (respondent Dudley in the present action) executed a bond in double the value of the property, conditioned for the prosecution of the action and the return of the property to the defendant if return thereof should be adjudged, etc., and the respondents Skinner and Lawson became sureties thereon. The property involved was stored in a store room in the city of Spokane, to which room the appellant Lewis had the key. Upon receiving the order and bond already referred to, the officer made a demand for possession of the property and received from Lewis a key to the store room in which it was situated. The property was not removed by the officer, but he received the key and gave a receipt for the property to the defendants in that action. Subsequently, and before the property was disturbed, the plaintiffs in the action here excepted to the sufficiency of the sureties upon the replevin bond, and upon notice the sureties failed to appear before the justice, or to justify, and no new sureties were substituted. The case coming on for trial before the justice, resulted in a judgment in favor of the plaintiff therein, which was reversed by the superior court upon appeal. After such reversal, the defendants in that action (appellants here) brought the present action upon the bond already referred to. There were separate answers filed, which contained affirmative defenses; among others, that the sureties upon the bond failed to justify upon notice, and also that the property was not delivered to the plaintiff in the replevin action in virtue of the bond, but was delivered to the plaintiff pursuant to the judgment rendered in the justice's court, which judgment awarded the property to the plaintiff. There was a reply to these affirmative defenses and the trial resulted in a verdict and judgment in defendants'

favor.   The appeal is from that judgment.   When the plaintiffs had introduced their evidence and rested, the respondents interposed a motion for a non-suit, which was argued and denied, and, after the evidence was all in, the defendants again challenged its sufficiency and moved the court for a dismissal of the action.   This motion was denied and the case went to the jury, with the result heretofore stated.

Appellants urge that the court erred in submitting the cause to the jury after the legal sufficiency of the evidence had been challenged.   Their position is that the court ought to have decided as a matter of law what judgment should be entered, and that it was the duty of the court to have discharged the jury when such challenge was made. In support of this contention counsel cite and rely upon § 4994, Bal. Code (Laws 1895, p. 64, § 1), which is as follows:

" In all cases tried in the superior court with a jury in which the legal sufficiency of the evidence shall be challenged, and the court shall decide as a matter of law what verdict should be found, the court shall thereupon discharge the jury from further consideration of the case, and direct judgment to be entered in accordance with its decision."

We think counsel misconceive the purpose of the statute. Cases might, and doubtless do frequently, arise where, when the evidence is all in, there is no disputed question for a jury to deal with.   In such case, the evidence being all one way or the facts admitted, it becomes a mere matter of law what the judgment should be.   In such a case it would be the duty of the court to discharge the jury and proceed to enter judgment.   But in this case the trial court was of the opinion that there were questions for the consideration of the jury.

We have examined the evidence and conclude that, if the court erred in the disposition made of the case, it was not

prejudicial to the appellants.    In our view of the evidence, it was wholly insufficient to have warranted a recovery by appellants.    Section 6592, Bal. Code (2 Hill's Code, § 1494), is as follows:

"The defendant may, within two days after the service of a copy of the affidavit, order, and bond, give notice to the officer that he excepts to the sufficiency of the sureties. If he fail to do so, he shall be deemed to have waived all objection to them.    When the defendant excepts, the sureties shall justify upon one day's notice before the justice; and the officer shall be responsible for the sufficiency of the sureties until the objection to them is either waived, as above provided, or until they justify, or new sureties be substituted, and they justify.    If the defendant except to the sureties, he cannot reclaim the property as provided in the next section."

Under this section, upon the failure of the sureties to justify it became the duty of the officer to return the property to the defendants from whom it was taken, or, at his peril, retain it; but, in either event, the failure of the sureties to justify upon notice exonerated them from any further liability upon the bond.    The subsequent disposition of the property was a matter in which they had no concern.    In this case, however, it satisfactorily appears from the evidence that, after the failure of the sureties to justify, the officer re-delivered the key to the room in which the property was stored to the defendants in the action, and it also satisfactorily appears that the property was not delivered to the plaintiff by virtue of the bond, but as a result of the judgment of the justice, which found that the plaintiff was entitled to possession of the property.    As a necessary consequence, it must be held that the plaintiff never acquired this property under the bond.

Considered from any point of view, the judgment appears to have been right, and it is affirmed.

Dunbar, Fullerton and Reavis, JJ., concur.

Anders, J., concurs in the result.